**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Domingo Martinez, individually and on behalf of other similarly situated employees, Plaintiff

v.

Byron's Hot Dog, Inc. dba Byron's Hot Dogs, and Michael E. Payne, Defendants

## **COMPLAINT**

Domingo Martinez ("Plaintiff"), individually, and on behalf of other employees similarly situated (collectively "employees"), pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), complains against Byron's Hot Dog, Inc. dba Byron's Hot Dogs ("Byron's"), and Michael E. Payne (collectively, "Defendants"), and states:

### **Introduction**

1. This lawsuit arises from Defendants' violations of the overtime and minimum wage provisions of the FLSA and IMWL at Defendants' restaurant commonly known as Byron's Hot Dogs located at 1701 W. Lawrence Avenue in Chicago Illinois.

2. Plaintiff is Defendants' former employee. Employees were not paid their earned overtime and minimum wages as required by the FLSA and IMWL. Defendants maintained and enforced a policy of paying employees, in cash each week in an effort to conceal Defendants' obligation to pay employees their earned overtime and minimum wages.

3. Defendants recorded and kept electronic records of the hours worked by employees. Despite the knowledge that employees worked more than forty (40) hours per week, Defendants maliciously requested employees to sign a document entitled "Acknowledgement of Wages Earned/Received" that stated the employees only worked forty (40) hours per pay period.

4. Defendants paid employees cash wages in an envelope each week. Defendants often shorted employees' wages each week. Defendants maintained a practice of writing the amount of shorted wages on the outside of the envelope containing employees' wages. Because employees were shorted wages each week, employees ended up working for less than minimum wage weekly.

## Jurisdiction and Venue

5. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

6. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

7. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## Facts

8. Defendants owned and operated their restaurant within the three years preceding the filing of this complaint.

9. Byron's is an enterprise under 29 U.S.C. § 203(r)(1).

10. Byron's is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Byron's annual gross sales were $500,000.00 or more during the last three years.

12. Michael E. Payne resides in and is domiciled in this judicial district.

13. Michael E. Payne is the owner of Byron's and is involved in the day-to-day business operations of Byron's and has or had the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures during the relevant employment period.

14. Defendants were Plaintiff's employer as defined by the FLSA and IMWL.

15. Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

16. Defendants maintained and preserved records of all hours that employees worked.

17. Defendants failed to maintain and preserve records of all wages they paid to employees.

18. Plaintiff worked for Defendants from approximately 2009 to May 2017.

19. Plaintiff worked as a cook and delivery driver during the relevant employment period.

20. Plaintiff worked up to 60 hours weekly during the relevant employment period.

21. Defendants paid employees their regular rate for all hours worked each week during the relevant employment period.

## COUNT I: FLSA Overtime Wage Violation

22. Plaintiff incorporates all paragraphs above as if fully restated below.

23. Plaintiff's notice of consent to become a party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

24. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

25. Throughout the course of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

26. Defendants did not pay employees overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

27. Plaintiff's wages were not based on the number of jobs performed or completed.

28. Plaintiff's wages were not based on the quality or efficiency of Plaintiff's job performance.

29. Plaintiff was not exempt from the overtime provisions of the FLSA.

30. Defendants' failure to pay overtime violated the FLSA.

31. Defendants' FLSA violation was willful because they maintained a scheme of paying employees their regular rate each week in cash for all hours worked in an effort to conceal the obligation to pay them their earned overtime wages.

32. Defendants' FLSA violation was willful because they maintained a scheme of requesting employees to sign a document entitled "Acknowledgement of Wages Earned/Received" that stated the employees only worked forty (40) hours per pay period despite knowing that employees worked more than forty (40) hours per pay period.

33. Plaintiff is entitled to unpaid overtime wages for the three years before this lawsuit's filing.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Defendant to be in violation of the FLSA;

B. Determine that this action may be maintained as a FLSA collective action;

C. Enter a judgment in favor of Plaintiff and other similarly situated employees for earned unpaid overtime wages;

D. Award liquidated damages, reasonable attorneys' fees, and costs; and

E. Grant any other relief this Court deems appropriate.

## COUNT II: IMWL Overtime Wage Violation

34. Plaintiff incorporates all paragraphs above as if fully restated below.

35. This Count arises from Defendants' failure to pay employees all earned overtime wages.

36. The IMWL requires that employers pay a non-exempt employee one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

37. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

38. Plaintiff worked more than forty (40) hours in individual work weeks.

39. Defendants did not pay earned overtime wages to employees.

40. Plaintiff was not exempt from overtime wages.

41. Defendants violated the IMWL by failing to pay Plaintiff his earned overtime wages.

42. Plaintiff is entitled to unpaid overtime wages for three years before this lawsuit's filing regardless of whether the Defendants' violation was willful or not.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants have violated the IMWL;

B. Enter a judgment in favor of Plaintiff for owed unpaid overtime wages;

C. Award damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2; and

D. Grant any other relief this Court deems appropriate.

## COUNT III: FLSA Minimum Wage Violation

43. Plaintiff incorporates all paragraphs above as if fully restated below.

44. Plaintiff's notice of consent to become a party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

45. Plaintiff was directed by Defendant to work each week to the Defendant's benefit.

46. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

47. Plaintiff was not exempt from the minimum wage provisions of the FLSA.

48. Defendant's failure to pay minimum wages violated the FLSA.

49. Defendants' FLSA violation was willful because they maintained a scheme of requesting Plaintiff and other similarly situated employees to sign a document entitled "Acknowledgement of Wages Earned/Received" that stated the employees only worked forty (40) hours per pay period despite knowing that Plaintiff and other similarly situated employees worked more than forty (40) hours per pay period.

50. Defendants' FLSA violation was willful because Defendants paid employees cash wages in an envelope each week, and Defendants often shorted employees' wages each week. Defendants maintained a practice of writing the amount of shorted wages on the outside of

the envelope containing employees' wages. Because employees were shorted wages each week, employees ended up working for less than minimum wage weekly.

51. Plaintiff is entitled to unpaid minimum wages for the three years before this lawsuit's filing.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Defendant to be in violation of the FLSA;

B. Determine that this action may be maintained as a FLSA collective action;

C. Enter a judgment in favor of Plaintiff and other similarly situated employees for the difference between the regular rate paid by Defendants and the Illinois minimum wage rate;

D. Award liquidated damages, reasonable attorneys' fees, and costs; and

E. Grant any other relief this Court deems appropriate.

## COUNT IV: IMWL Minimum Wage Violation

52. Plaintiff incorporates all paragraphs above as if fully restated below.

53. This Count arises from Defendant's failure to pay Plaintiff all earned minimum wages.

54. The IMWL requires that employers pay a non-exempt employee at least the Illinois minimum wage rate of $8.25 per hour.

55. Plaintiff was directed by Defendant to work each week to the Defendant's benefit.

56. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

57. Plaintiff was not exempt from the minimum wage provisions of the IMWL.

58. Defendants paid employees cash wages in an envelope each week. Defendants often shorted employees' wages each week. Defendants maintained a practice of writing the amount of shorted wages on the outside of the envelope containing employees' wages. Because employees were shorted wages each week, employees ended up working for less than minimum wage weekly.

59. Defendant's failure to pay Plaintiff at least the Illinois minimum wage rate violated the IMWL, and Plaintiff is entitled to unpaid minimum wages for the three years before this lawsuit's filing regardless of whether the Defendant's violation was willful or not.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendant have violated the IMWL;

B. Enter a judgment in favor of Plaintiff and other similarly situated employees for the difference between the regular rate paid by Defendants and the Illinois minimum wage rate;

C. Award damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2; and

D. Grant any other relief this Court deems appropriate.

Respectfully submitted on Thursday, June 08, 2017.

**Valentin T. Narvaez**
Plaintiff's counsel
**Consumer Law Group, LLC**
6232 N. Pulaski Rd., Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com